IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALERIE A. DeSALVO, | ) |
| Plaintiff, | ) |
| v. | ) No. 15 C 9988 |
| SP PLUS CORPORATION, | ) Judge Virginia M. Kendall |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Valerie DeSalvo brings claims against her employer Defendant SP Plus Corporation for age discrimination under the Age Discrimination Employment Act, disability discrimination under the Americans with Disabilities Act, and sex discrimination under Title VII of the Civil Rights Act of 1964. SP Plus filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons explained below, the Court grants SP Plus's motion to dismiss the Complaint with prejudice. (Dkt. No. 19.)

**BACKGROUND**

DeSalvo began working for SP Plus on May 2, 1997 as an Operations Manager. (Dkt. No. 1 at 8, 10.) She has suffered from Chronic Obstructive Pulmonary Disease ("COPD") since 2006. *Id.* at 12. DeSalvo also suffered from viral meningitis, asthma, and bronchitis during the relevant time period. *Id.* On January 13, 2014, SP Plus transferred her to terminals outside of O'Hare International Airport and "told to make [the City] Lasagna and cookies so [she] can get in the office because we need to be able to view all the cameras to run Ground Transportation

and the Parking to be able to keep the contract with the City." *Id.* at 15. That day, DeSalvo spoke with Emilio Gervasio, the Assistant General Manager at SP Plus, and told him that the transfer was "sending [her] to death." *Id.* at 12. SP Plus replaced DeSalvo with a 30-year-old man. *Id.* at 11. When SP Plus transferred DeSalvo, she warned them that it would agitate her COPD. *Id.* at 12. At the time of the transfer, DeSalvo was "the eldest[.]" *Id.* at 11. DeSalvo's new position involved the "same title with no raise." *Id.* at 14.

DeSalvo filed a charge for age, disability, and sex discrimination with the EEOC on May 15, 2015. *Id.* at 8.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. To survive a 12(b)(6) motion, the complaint must provide enough factual information to state a claim for relief that is plausible on its face and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the 12(b)(6) stage, all of the "factual allegations contained in the complaint" must be "accepted as true." *Twombly*, 550 U.S. at 572. Furthermore, well-pled facts are viewed in the light most favorable to the plaintiff. *See United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016). But "legal conclusions and conclusory allegations merely reciting the elements of a claim are not entitled to this presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011).

## DISCUSSION

### I. The Court Considers DeSalvo's Statement Attached to Her Response

In response to SP Plus's motion to dismiss, DeSalvo submitted a statement titled "Affidavit of Valerie DeSalvo" in which she claims that SP Plus's decision to change her position caused her adverse harm. (Dkt. No. 21 at Ex. 1.) SP Plus argues that the Court should not consider this statement because it is not properly sworn to under 28 U.S.C. § 1746. "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). While a motion to dismiss is converted into a motion for summary judgment if the defendant relies on materials outside the complaint, the plaintiff in opposing "a Rule 12(b)(6) dismissal may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Id.* (collection of cases). The Court accordingly considers DeSalvo's statement as additional factual allegations in order to allow her the opportunity to demonstrate the facts that she expects to prove. *See id.*; *see, e.g., Newman v. Gagan LLC*, 939 F.Supp.2d 883, 892 (N.D. Ind. 2013) (considering extrinsic documents presented by plaintiff in response to motion to dismiss); *Morgan v. LVNV Funding LLC*, No. 1:13-cv-01120-SEB-DKL, 2014 WL 4680694 at *5 (S.D. Ind. Sept. 19, 2014) (same).

### II. The Complaint Sufficiently Alleges an Adverse Employment Action

SP Plus asserts that the Court should dismiss the Complaint because DeSalvo failed to allege that she suffered an adverse employment action. SP Plus contends that her transfer was not an adverse employment action because the Complaint alleges no facts demonstrating a reduction in pay or career prospects. In her response, DeSalvo submitted an "affidavit"

containing further factual allegations about the transfer.[1]  (Dkt. No. 21 at Ex. 1.)  In this statement, DeSalvo alleges that her new job is "lower rated than the job [she] previously held" because as Operations Manager she trained Shift Managers and oversaw employees in different departments.  *Id.*  At her current job, DeSalvo claims that she no longer oversees those employees and her "ability to achieve higher wages and promotions have [sic] been reduced[.]"  *Id.*  She also asserts that her present "workplace environment is unhealthy for a person with [her] disabilities because of the pollution levels."  *Id.*  DeSalvo alleges that in June 2014 she "asked to be returned to [her] previous job because [she] believed the pollution levels were aggravating [her] asthma and chronic obstructive pulmonary disease but [her] request was not granted."  *Id.*

To survive a motion to dismiss claims for sex, age, and disability discrimination, a plaintiff must adequately allege that she suffered an adverse employment action.  *See* 42 U.S.C. § 2000e-2(a)(1); 42 U.S.C. § 12112; *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (adverse employment action an element of disability discrimination under the ADA); *Barton v. Zimmer, Inc.*, 662 F.3d 448, 453 (7th Cir. 2011) ("To prove discrimination in violation of the ADEA, [the plaintiff] must establish that [the defendant] subjected him to an adverse employment action because of his age."); *Rhodes v. Ill. Dep't of Tranps.*, 359 F.3d 498, 504 (7th Cir. 2004) (adverse employment action a requirement in both direct and indirect method of proving sex discrimination under Title VII).  "Adverse employment actions for purposes of the federal antidiscrimination statutes generally fall into three categories: (1) termination or reduction in compensation, fringe benefits, or other financial terms of employment; (2) transfers or changes in job duties that cause an employee's skills to atrophy and reduce future career prospects; and (3) unbearable changes in job conditions, such as a hostile work environment or

---

[1] DeSalvo's statement was not sworn to under oath and therefore does not qualify as an affidavit under 28 U.S.C. § 1746. But the Court only considers her statement as further factual allegations in connection with the Complaint at this pleading stage and not as attested to facts.

conditions amounting to constructive discharge." *Barton*, 662 F.3d at 453-54. While the Seventh Circuit has "adopted a broad definition of the phrase 'adverse employment action,'" it must still be one that is "materially adverse, 'meaning more than a mere inconvenience or an alteration of job responsibilities.'" *Hilt-Dyson v. City of Chi.*, 282 F.3d 456, 465 (7th Cir. 2002) (quoting *Oest v. Ill. Dep't of Corr.*, 240 F.3d 605, 612 (7th Cir. (2001)). Despite this flexible approach to defining an adverse employment action, "not everything that makes an employee unhappy is an actionable adverse action." *Atanus v. Perry*, 520 F.3d 662, 667 (7th Cir. 2008) (quoting *Smart v. Ball Univ.*, 89 f.3d 437, 441 (7th Cir. 1996)).

DeSalvo's allegations only plausibly fall into the second category because SP Plus transferred her to a different position. The Complaint and DeSalvo's added statement contain sufficient factual allegations to demonstrate an adverse employment action when drawing reasonable inferences in her favor and given the broad definition of an adverse employment action. Specifically, DeSalvo alleges that at her new position she does not oversee the employees that she had previously, her ability to gain higher income and promotions has been reduced, and the location is hazardous to her health. Although that is the extent of factual allegations about how the transfer adversely affected DeSalvo, they make it plausible that the transfer was not "a purely lateral transfer" but instead "involve[d] a demotion in form or substance." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 634 (7th Cir. 2013) (quoting *Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996)). Therefore, the Court denies SP Plus's motion to dismiss the Complaint for failure to allege an adverse employment action. *See id.* (finding discrimination claim adequately alleged an adverse employment action despite lack of factual detail provided in complaint).

### III. The Complaint is Time Barred

SP Plus further argues that the Complaint should be dismissed because DeSalvo did not timely file a charge of discrimination with the EEOC. DeSalvo did not address this argument in her response to the motion to dismiss, and the Court accordingly finds that she waived any response. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (holding plaintiff waived arguments by failing to raise them in response to motion to dismiss).

Plaintiffs in Illinois are required to file a charge of discrimination under the ADEA, ADA, or Title VII with the EEOC within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108-110 (2002); *Roney v. Ill. Dep't of Tranps.*, 474 F.3d 455, 459-60 (7th Cir. 2007); *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004). If the alleged unlawful employment act is a discrete act or single occurrence, the plaintiff must file a charge of discrimination within 300 days of that act or occurrence. *See Morgan*, 536 U.S. at 111-13. The Complaint alleges that SP Plus committed an unlawful employment act by transferring DeSalvo to a different position on January 13, 2014, which is a discrete act.[2] (Dkt. No. 1 at 11.) DeSalvo filed a charge of discrimination with the EEOC on May 15, 2015. *Id.* at 8-9. The Complaint is time barred because more than 300 days elapsed after SP Plus transferred DeSalvo. The Court thus grants SP Plus's motion to dismiss the Complaint with prejudice.

---

[2] DeSalvo alleges that she complained about the transfer in June 2014, but this does not make the Complaint timely because she seeks redress for the transfer which occurred on January 13, 2014. (Dkt. No. 21 at Ex. 1.)

## **CONCLUSION**

For the reasons outlined above, the Court grants SP Plus's motion to dismiss the Complaint with prejudice. (Dkt. No. 19.)

                                                      /s/ Virgina M. Kendall
                                                      Virginia M. Kendall
                                                      United States District Court Judge
                                                      Northern District of Illinois

Date: 5/10/2016